MinshaUj, O. J.
It appears from the record that the common pleas held that the demurrer was well taken on the ground that the petition does not state facts sufficient to constitute a cause of action, entitling the plaintiff to relief, and overruled it on the. other grounds. On error the circuit court simply affirmed the judgment. We are of the opinion that the judgment should be affirmed on the ground that the plaintiff has no right to maintain the action. It *445 is. true that the board of education is made by statute a body corporate with capacity to sue and be sued; but capacity to sue is one thing, and right to maintain a particular action is another thing. The plaintiff has no right to maintain this action, and. the second ground of demurrer is well taken; and might probably have been raised without demurrer. See Buckingham v. Buckingham, 36 Ohio St., 68, 78, where it is said: “To warrant a recovery on the petition, it must show a cause of action in the plaintiff. If the petition fails to show such cause of action, the objection is not waived by a failure to demur, or to make the objection by answer.” It is said in High on Injunctions, section 573: “The governing rule, resting alike upon principle and authority, is that the action to enjoin the collection of a tax should be brought by the taxpayer, whose property and interests are directly affected by the tax which it is sought to enjoin, the same degree of interest being requisite as in all other cases where the extraordinary aid of equity is invoked.” A board of education is not a taxpayer; taxes may be levied for its benefit, but it pays none. Section 3973, Revised Statutes. It has then no interest in the subject of the action, nor is it any part of its duty to prosecute it. Thus it is said in Moody v. Arthur, 16 Kas., 419: “A township cannot maintain an action to enjoin an illegal tax on individual property; only the individual can maintain such action, each for himself or for himself and others with like interest. There is no law making a public corporation the guardian of private rights.” Trustees v. Thoman et al., 51 Ohio St., 285. Here it was held that the trustees of a township cannot sue to recover back taxes paid by its citizens on an illegal levy, the right of action being in the individual tax *446 payers; and by a parity of reasoning only a taxpayer' can enjoin the collection of an illegal tax.
It is not necessary to consider any of the other grounds, though it may be proper to say that if the suit had been brought by one having the right to maintain it, the demurrer should have been overruled; in other words the petition states a cause of action in favor of a taxpayer; as it appears therefrom that the probate court had not acquired jurisdiction of the matter; and the tax levied by the commissioners was therefore without authority of law. By recurring to the statutes prescribing how joint subdistricts may be formed, (section 3928, et seq.,) it will be observed that, aside from the mutual action of boards of education, they may be formed by petition to a board of education situate within any part of the territory to be included in the proposed district. If the proceedings had before this board are unsatisfactory “three or more electors of the territory sought to be included therein, may file a petition or remonstrance for or against the same,” ih the probate court, which, by the aid of a commission to bo appointed by it, may establish it or not, as is found best. It is evident that no proceedings can be instituted in the probate court, until after action had before the proper board of education. Such action is a prerequisite to the jurisdiction of the probate court, and where it has been omitted, the action taken by the court is of no force or effect whatever, and may be questioned collaterally or otherwise, as may the judgment of any court rendered without jurisdiction. Wehrle v. Wehrle, 39 Ohio St., 365. It is averred in the petition and admitted by the demurrer that no action had been taken before any board of education, prior, to the filing of the petition by Deffenbaugh and *447 others in the probate court. The court then had no jurisdiction, and its action in the premises was a nullity. But, for the reason before given, the judgment must be affirmed. Neither this court, nor the court below, can render judgment on the merits of a case, in an action where there is in law no party entitled to the relief prayed for.

Affirmed.

Williams, Burket, Spear, Davis and Shaugk, JJ., concur.